IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, AMERICAN NATIONAL LIFE INSURANCE COMPANY OF TEXAS, COMPREHENSIVE INVESTMENT SERVICES, INC., THE MOODY FOUNDATION<br>  Plaintiffs,<br><br>V.<br><br>RICHARD S. FULD, JR., CHRISTOPHER M. O'MEARA, JOSEPH M. GREGORY, ERIN CALLAN, IAN LOWITT, MICHAEL L. AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA JOHNSON EVANS, SIR CHRISTOPHER GENT, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, BANC OF AMERICA SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, MORGAN STANLEY & CO. INCORPORATED, SUNTRUST ROBINSON HUMPHREY INC., UBS SECURITIES LLC, WELLS FARGO SECURITIES LLC, RBC CAPITAL MARKETS COPORATION F/K/A RBC DAIN RAUSCHER INC., WACHOVIA CAPITAL MARKETS LLC, PIPER JAFFRAY & CO. F/K/A U.S. BANCORP PIPER JAFFRAY INC., RIDGE CLEARING & OUTSOURCING SOLUTIONS INC. F/K/A FLEET SECURITIES INC., | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br>3:09-CV-00020 |

| | |
|---|---|
| CITIGROUP GLOBAL MARKETS INC F/K/A SALOMON SMITH BARNEY INC., CALYON SECURITIES (USA) INC. F/K/A CREDIT LYONNAIS SECURITIES (USA) INC., ABN AMRO INCORPORATED, J.P. MORGAN SECURITIES INC., HSBC SECURITIES (USA) INC., BNY MELLON CAPITAL MARKETS LLC F/K/A MELLON FINANCIAL MARKETS LLC, WILLIAMS CAPITAL GROUP L.P., CALYON SECURITIES (USA) INC., UNICREDIT CAPITAL MARKETS INC. F/K/A HVB CAPITAL MARKETS INC., DAIWA SECURITIES SMBC EUROPE, LTD., BBVA SECURITIES INC., BNY CAPITAL MARKETS, INC., SUNTRUST ROBINSON HUMPHREY INC. F/K/A SUNTRUST CAPITAL MARKETS INC., CITIGROUP INC., RBC CAPITAL MARKETS CORPORATION, GREENWICH CAPITAL MARKETS INC. A/K/A RBS GREENWICH CAPITAL,  ERNST & YOUNG LLP<br>　　　Defendants | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## WAIVER OF SERVICE OF SUMMONS

TO:　Andrew J. Mytelka, Greer, Herz & Adams, LLP, One Moody Plaza, 18th Floor, Galveston, Texas 77550.

I have received your request to waive service of a summons in this action along with a copy of the complaint, a copy of Plaintiffs' Disclosure of Interested Parties and Corporate Disclosure Statement, a copy of the Conditional Transfer Order applicable to this matter, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I represent Roger S. Berlind and, on his behalf, agree to save the expense of serving a summons and additional complaint in this case.

I, on behalf of Roger S. Berlind, understand Roger S. Berlind, will keep all defenses or objections to the lawsuit, the court's jurisdiction and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I, on behalf of Roger S. Berlind, also understand that Roger S. Berlind must file and serve an answer or a motion under Rule 12 within 60 days from March 24, 2009, the date when this request was sent. If I fail to do so, a default judgment may be entered against on behalf of Roger S. Berlind.

_____April 1_____, 2009.   By: _____
Date                              Jonathan K. Youngwood
                                  Simpson, Thatcher & Bartlett, LLP
                                  425 Lexington Avenue
                                  New York, New York 10017-3954

## DUTY TO AVOID UNNESSARY EXPENSES OF SERVICE A SUMMONS

Federal Rule of Civil Procedure 4 requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service required by a plaintiff located in the United States will be required to pay the expense of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiffs and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.